Filed 9/20/23  P. v. Young CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EDDIE L. YOUNG,<br><br>    Defendant and Appellant. | F084534<br><br>(Super. Ct. No. MF010719A)<br><br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Franson, Acting P. J., Smith, J. and Snauffer, J.

## STATEMENT OF APPEALABILITY

This is an appeal after a no contest plea and finally disposes of all issues between the parties. (Pen. Code,[1] § 1237, subd. (b); Cal. Rules of Court, rule 8.204(a)(2)(B).)

## STATEMENT OF THE CASE

On September 24, 2013, Young was charged in case number MF010719A with aggravated battery by gassing on a peace officer (§ 4501.1; count 1) and battery by a prisoner on a non-confined person (§ 4501.5; count 2). As to both counts it was alleged Young had suffered six prior strike convictions (§§ 667, subds. (c)-(j) & 1170.12, subds. (a)-(e)) and served two prior prison terms. (§ 667.5, subd. (b).)

On March 15, 2016, Young was charged in case number DF012289A with battery by a prisoner on a non-confined person (§ 4501.5; count 1). It was also alleged Young had suffered six prior strike convictions (§§ 667, subds. (c)-(j) & 1170.12, subds. (a)-(e)) and served two prior prison terms. (§ 667.5, subd. (b).)

On July 25, 2016, Young was charged in case number DF012437A with battery by a prisoner on a non-confined person (§ 4501.5; count 1). It was also alleged Young had suffered six prior strike convictions (§§ 667, subds. (c)-(j) & 1170.12, subds. (a)-(e)) and served two prior prison terms. (§ 667.5, subd. (b).)

In these cases, there were extensive pretrial proceedings, including numerous motions to relieve counsel, motions for continuances, motions for production of CDCR personnel records, discovery motions, and other matters.

On February 6, 2017, the prosecutor moved to consolidate the three cases. The motion was granted to consolidate DF012289A with DF012437A but denied as to MF010719A.

On May 28, 2019, the prosecutor moved to revoke Young's pro per status in MF010719A and consolidate it with the two previously consolidated cases. The motion

---

[1] All statutory references are to the Penal Code unless otherwise stated.

to revoke Young's in pro per status was granted on June 25, 2019. The motion to consolidate MF010719A with the previously consolidated cases was granted on July 9, 2019, with MF010719A designated as the lead case.

A four-count information was then filed as follows: one count of aggravated battery by gassing on a peace officer (§ 4501.1; count 1), and three counts of battery by a prisoner on a non-confined person (§ 4501.5; counts 2-4). As to all counts it was alleged Young had suffered six prior strike convictions (§§ 667, subds. (c)-(j) & 1170.12, subds. (a)-(e)) and served two prior prison terms. (§ 667.5, subd. (b).)

On September 20, 2021, the prosecutor made an offer of a plea to count 4 and admission of the prior strike convictions for the low term of two years, doubled to four years, with restitution on all counts if necessary and dismissal of all remaining counts. The prosecution would not object to the granting of *Romero*[2] motions on all but one strike conviction. Young refused the offer.

On April 21, 2022, Young entered a no contest plea to count 1 and admitted the six prior strike convictions, in exchange for the promise of a middle term sentence of three years, victim restitution, and the court's agreement to grant a *Romero* motion as to all strikes. There was a stipulated factual basis for the plea. All remaining counts and enhancements were dismissed.

On May 11, 2022, Young moved to withdraw his plea. On May 19, 2022, the motion was denied.

At the May 19, 2022, sentencing hearing, the trial court struck the prior strike convictions and imposed the middle term of three years, consecutive to Los Angeles County case number BA111873, and ordered Young to pay victim restitution in an amount to be determined. Young was ordered to pay a $40 court security fee, a $30

---

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 997 (*Romero*).

criminal conviction fee, and a $300 restitution fine with a matching, stayed, parole revocation fine.

On June 14, 2022, Young filed an informal request for the trial court to recall his sentence on its own motion pursuant to section 1170, subdivision (d)(1). On June 16, 2022, the request was denied.

On June 24, 2022, a timely notice of appeal and request for certificate of probable cause were filed. The certificate of probable cause was granted.

## STATEMENT OF FACTS[3]

On June 22, 2012, Administrative Segregation Sergeant Randall Nicholas was working at the Tehachapi prison. That morning, a code 1 alarm was announced to which he responded. Nicholas saw Young lying prone on the ground with two officers around him. Nicholas instructed those officers to escort Young to the dining hall. Young refused to stand up and, when lifted, would not put his feet on the ground. He was carried to the dining hall and placed in a holding cell. Nicholas interviewed him and told him he would be moved to another housing unit as soon as the incident report had been completed.

About 90 minutes later, Nicholas heard a commotion in the dining hall and went to investigate. He found Young yelling at a licensed vocational nurse. Nicholas instructed Young not to disrespect the staff. Young replied, "Fuck your staff, and fuck you," then spit on Nicholas. The spittle landed just above Nicholas's left eye. Nicholas could hear Young attempting to gather phlegm, indicating he was going to spit again, so Nicholas sprayed him with pepper spray.

---

[3] Because this appeal follows a no contest plea, we draw the relevant facts from the testimony adduced at the September 20, 2013, preliminary hearing in case number MF010719A.

4.

**APPELLATE COURT REVIEW**

Young's appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  The opening brief also includes the declaration of appellate counsel indicating Young was advised he could file his own brief with this court.  By letter on March 17, 2023, we invited Young to submit additional briefing.

In response to our invitation, Young filed a supplemental letter brief on August 7, 2023, which we have read and considered.  However, he presents no issues that would warrant relief on appeal.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Young.

**DISPOSITION**

The judgment is affirmed.